UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY FREITAS<br><br>Plaintiff<br><br>v.<br><br>RADIOSHACK CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br>**05  11343 RWZ**<br><br>RECEIPT # _____<br>AMOUNT $ 250.00<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY. CLK. M.P<br>DATE 6/27/05 |

### NOTICE OF REMOVAL

Defendant RadioShack Corporation ("RadioShack") hereby gives notice of the removal of the case described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. In support of this removal petition RadioShack states the following:

### I. INTRODUCTION

This case arises from the termination of Plaintiff's employment by RadioShack on or about July 29, 2003.

MAGISTRATE JUDGE KBC

On or about June 3, 2005, Plaintiff filed a complaint alleging discrimination on the basis of disability/handicap in violation of M.G.L. c. 151B, § 4(16) and wrongful discharge in the Superior Court Department of the Trial Court for the Commonwealth of Massachusetts, Middlesex County, Case Number 05-1838. On June 7, 2005, RadioShack was served with a Summons and Complaint, copies of which are attached hereto as Exhibit A. RadioShack is required to file a pleading in response to the Complaint on or before June 27, 2005.

As RadioShack more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiff is a citizen of the Commonwealth of Massachusetts who resides in Waltham, Massachusetts.

RadioShack is a Delaware corporation, with its principal place of business in Fort Worth, Texas. Defendant, therefore, is a citizen of the State of Texas.

Plaintiff is claiming damages including lost wages, attorneys' fees, costs and expenses, economic injury and other harm. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

Because Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Texas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

## III. OTHER REMOVAL MATTERS

RadioShack reserves the right to amend or supplement this Notice of Removal.

There have been no pleadings served upon RadioShack other than the Summons and Complaint.

This Notice of Removal is filed within 30 days of service upon RadioShack of the Summons and Complaint in compliance with 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(d), RadioShack shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the Superior Court Department of the Trial Court for the Commonwealth of

Massachusetts, Middlesex County, Massachusetts, attaching a file stamped copy of this Notice of Removal.

Pursuant to 28 U.S.C. §§ 1332 and 1446 this action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, RadioShack gives notice that *Anthony Freitas v. RadioShack Corporation,* Superior Court Department of the Trial Court Civil Action Number 05-1838 is removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

RADIOSHACK CORPORATION

By its attorneys,

_____
Diane Saunders (BBO# 562872)
Jeffrey S. Siegel (BBO# 647148)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

Dated: 6/27/05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara H. Margosian II, Esq., 415 Mt. Auburn Street, Watertown, MA 02472, by first-class U.S. mail this 27th day of June 2005.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Freitas v. Radioshack Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05 11343 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeffrey S. Siegel__
ADDRESS __Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109__
TELEPHONE NO. __617-523-6666__

(CategoryForm.wpd - 5/2/05)

�JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Anthony Freitas

### DEFENDANTS
Radioshack Corporation

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Ft. Worth, TX (Tarrant Cou**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ara H. Margosian II, P.C.
415 Mt. Auburn St., Watertown, MA 02472

Attorneys (If Known)
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor, Boston, MA 02109

05-11343 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability |  |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 871 IRS --Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Jurisdiction (28 USC 1332(a))
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 79,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/22/2005
SIGNATURE OF ATTORNEY OF RECORD: X _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1838

MIDDLESEX, ss
[seal]

Anthony Freitas, Plaintiff(s)

v.

Radioshack Corporation, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Ara H. Margosian II, P.C. plaintiff's attorney, whose address is 415 Mt. Auburn St., Watertown, MA 02472, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex Superior Court, 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ~~Suzanne V. DelVecchio~~ **Barbara J. Rouse**, Esquire, at ............................................
the 3rd day of June
in the year of our Lord 2005.

A true copy, Attest:

6/7/05  Deputy Sheriff, Suffolk County

Edward J. Sullivan
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Middlesex | Docket Number |
|---|---|---|

| PLAINTIFF(S) Anthony Freitas | DEFENDANT(S) Radioshack Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Ara H., Margosian II, Law Offices of Ara H. Margosian, 415 Mount Auburn St., Watertown, MA 02472 (617) 926-8944 Board of Bar Overseers number: 560556 | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[xx] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (XX) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .......................................... $............
2. Total Doctor expenses ........................................... $............
3. Total chiropractic expenses ..................................... $............
4. Total physical therapy expenses ................................ $............
5. Total other expenses (describe) ................................ $............
   Subtotal $............
B. Documented lost wages and compensation to date ............... $7,000.00
C. Documented property damages to date ......................... $............
D. Reasonably anticipated future medical and hospital expenses .. $............
E. Reasonably anticipated lost wages ............................ $............
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff was discriminated against and wrongfully terminated by the Defendant due to his handicap.    $75,000.00
   TOTAL $79,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 5/24/05

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                  MIDDLESEX SUPERIOR COURT
                                               NO. 05-1838

|  |  |
|---|---|
| ANTHONY FREITAS<br>    Plaintiff<br><br>v.<br><br>RADIOSHACK CORPORATION,<br>    Defendant | **COMPLAINT** |

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL TRIABLE ISSUES**

**PARTIES**

1. The Plaintiff, Anthony Freitas (hereinafter "Plaintiff"), a natural person, resides at 37 Melvern Street, Waltham, Massachusetts, Middlesex County, Commonwealth of Massachusetts.

2. The Defendant, Radioshack Corporation (hereinafter "Defendant"), a Delaware Corporation with a principal place of business at 100 Throckmorton Street, #1800, Fort Worth, Texas and its registered agent is Corporation Service Company of 84 State Street, Boston, Suffolk County, Commonwealth of Massachusetts.

**FACTS**

3. On or about January 17, 2003, the Plaintiff began his employment as a sales associate for the Defendant.

4. The Plaintiff was employed as a sales associate at the Waltham branch located at 852 Lexington Street, Waltham, Middlesex County, Massachusetts.

5. He was employed as a full-time employee and was working at least forty (40) hours a week, with a five (5) day work week.

6. The Plaintiff's initial interview was conducted at the RadioShack location in Harvard Square, Cambridge, Massachusetts.

7. The Plaintiff was immediately offered a position with the Defendant.

8. The Plaintiff was required to complete further paperwork at Defendant's regional office located on Commonwealth Avenue, Boston, Massachusetts, upon being hired.

9. At the Defendant's regional office, the Plaintiff had to complete a job form where he disclosed that he suffered from Type 1 diabetes.

10. The Plaintiff has suffered with Type 1 diabetes since 1998.

11. The Plaintiff was promoted to the position of Assistant Manager, after a few months on the job, and was given an American Express gift certificate to reward his hard work and high sales.

12. Due to his hard work, the Plaintiff was given a .5% raise to his commission percentage.

13. The Defendant's local Waltham branch had only two employees working there, during the months of March and April, 2003.

14. The Plaintiff often worked fifty (50) hours a week, due to his indispensability.

15. The Plaintiff was asked by a supervisor at the Defendant's Waltham branch to work off-the-clock for any time exceeding forty (40) hours so that he would not qualify for overtime, although he was paid by the hour.

16. The Plaintiff adhered to that request.

17. The Plaintiff remained in good health for the first six (6) months of his employment with the Defendant.

18. Due to his Type 1 diabetes, the Plaintiff was required to use insulin two (2) to three (3) times per day on the job.

19. The Plaintiff never needed any additional time or other accommodations to tend to his disability, during the first six (6) months of his employment.

20. During that first six (6) months, the Plaintiff requested and took one (1) day off to attend his brother's wedding on or about April 26, 2003.

21. The Plaintiff had advised a representative of the Defendant Corporation of that wedding, prior to accepting employment there.

22. The Plaintiff made four (4) requests to not be put on the schedule for certain dates and times so that he could attend his routine doctor's appointments, during the first six (6) months of his employment.

23. Throughout the Plaintiff's employment, he received two minor "write-ups', one (1) for missing a Saturday meeting, and one (1) for arriving to work fifteen (15) minutes late.

24. The Plaintiff became ill in July, 2003 with Ketoacidosis, an illness experienced by many Type 1 diabetics.

25. Symptoms of Ketoacidosis include abnormal or excessive thirst, nocturia, and polyuria, as well as possible malaise, nausea, fatigue and confusion.

26. In the six years that the Plaintiff suffered from Type 1 diabetes, he was afflicted with Ketoacidosis approximately five (5) times.

27. The Plaintiff becomes sick to his stomach, cannot walk, has difficulty breathing, shakes and often vomits, due to Ketoacidosis.

28. In July, 2003, the Defendant's Waltham branch was employing three (3) associates and one (1) manager, including the Plaintiff.

29. The Plaintiff requested, on more than one occasion, permission to leave work early due to the fact that he was not feeling well, those requests were denied by his supervisor.

30. The Plaintiff's condition worsened, he was unable to work on one particular day.

31. The Plaintiff complied with the Defendant's guidelines and informed his manager that he would be unable to work, at least one (1) hour before his shift was scheduled to commence.

32. During the month of July, 2003, it was necessary for the Plaintiff to cancel his shift six (6) times due to his aggravated medical conditions.

33. The Plaintiff was unable to work due to his condition, on or about July 27, 2003.

34. The Plaintiff arrived at the Defendant's Waltham branch the following day, his manager, Dave Nolan (hereinafter referred to as "Mr. Nolan"), sent the Plaintiff on an errand to another store and then asked to meet with him.

35. Mr. Nolan explained that he had spoken to the district manager of the Defendant Corporation about the Plaintiff's absences due to his illness.

36. Mr. Nolan stated that he understood that the Plaintiff was sick and that he had diabetes.

37. Mr. Nolan then told the Plaintiff that he was removing him from the daily work schedule.

38. The Plaintiff inquired how long he would be removed from the schedule.

39. Mr. Nolan then stated that the Plaintiff would be removed permanently from the daily work schedule.

40. The Plaintiff then asked if it would be helpful if he brought in doctor's notes to show that he was indeed ill.

41. Mr. Nolan informed the Plaintiff that that would not help.

42. The Plaintiff then inquired if it would be helpful if he called the District Manager directly.

43. Mr. Nolan responded that it would not help and that they could not have him working there.

44. The Plaintiff believed that he was being removed from the schedule temporarily, however, Mr. Nolan informed the Plaintiff that he did not want the Plaintiff to work there any longer and his employment was terminated on July 29, 2003.

## COUNT I
### DISCRIMINATION ON THE BASIS OF DISABILITY/HANDICAP IN VIOLATION OF M.G.L. CH. 151B § 4(16)

45. The Plaintiff repeats and incorporates by reference all information set forth in Paragraphs 1-44 above as if set forth in their entirety.

46. The Defendant discriminated against the Plaintiff on the basis of the Plaintiff's disability.

47. The Plaintiff suffers from Type I Diabetes, and has suffered from this disability since 1998.

48. The Plaintiff is handicapped within the meaning of M.G.L. Ch. 151B § 1.

49. The Plaintiff is a handicapped person "who is capable of performing the essential functions" of his/her job, or who would be capable of performing them with or without reasonable accommodation to his handicap.

50. The Plaintiff is a qualified handicapped person within the meaning of M.G.L. Ch.151B §1(16).

51. The Plaintiff was terminated by the Defendant Corporation on or about July 29, 2003.

52. The position that the Plaintiff had filled remained open.

53. The Plaintiff made the Defendant Corporation aware of the disability prior to beginning his employment.

54. The Plaintiff made every attempt to follow the Defendant's procedure as it related to providing notice for missed work due to his handicap.

55. Mr. Nolan, an employee of the Defendant Corporation, informed the Plaintiff that the Defendant could not continue to employ him because of his illness which is a handicap pursuant to M.G.L. Ch. 151B§1.

56. As the direct and proximate result thereof, the Plaintiff has incurred lost wages, attorney's fees, costs and expenses, economic injury and other harm.

## COUNT II
## WRONGFUL TERMINATION

57. The Plaintiff repeats and incorporates by reference all information set forth in Paragraphs 1-56 above as if alleged herein their entirety.

58. The Defendant terminated the Plaintiff's employment on July 29, 2003.

59. The Defendant Corporation was aware of his disability when the Plaintiff was hired.

60. When the Plaintiff became ill, he requested that he be permitted to leave early on occasion and those requests were denied.

61. The Plaintiff's disability did not affect his work performance and when he was able to work, his work was exemplary.

62. The Plaintiff was released because of his disability and for no other reason.

63. The Defendant's actions and inactions are the direct and proximate cause of the Plaintiff's injuries and damages.

As the direct and proximate result thereof, the Plaintiff has incurred lost wages, attorney's fees, costs and expenses, economic injury and other harm.

**Wherefore,** the Plaintiff requests that this Honorable Court:

  a) Grant a judgment for the Plaintiff against the Defendant on all counts;
  b) Award the Plaintiff damages;
  c) Award the Plaintiff fees, costs and legal expenses; and
  d) Any other award that this Court deems just and proper.

Respectfully Submitted,
PLAINTIFF,
Anthony Freitas,
By his Attorney,

*[signature]*

Ara H. Margosian II
BBO # 560556
The Law Office of Ara H. Margosian II, PC
415 Mt. Auburn Street
Watertown, MA 02472
(617) 926-8944

May 24, 2005

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                     SUPERIOR COURT DEPARTMENT
                                                   OF THE TRIAL COURT

ANTHONY FREITAS
    Plaintiff,

v.                                                 Civil Action No. 05-1838

RADIOSHACK CORPORATION
    Defendant.

### NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendants in the above-captioned matter, have on the 27th day of June 2005 filed in the United States District Court of the District of Massachusetts their Notice of Removal of the above-styled action from the Superior Court, Middlesex County, Cambridge, Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Middlesex County, Cambridge, Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Middlesex County, Cambridge, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

                        Respectfully submitted,

                        RADIOSHACK CORPORATION

                        By its attorneys,


                        _____
                        Diane Saunders (BBO# 562872)
                        Jeffrey S. Siegel (BBO# 647148)
                        MORGAN, BROWN & JOY, LLP
                        200 State Street
                        Boston, MA 02109-2605
                        (617) 523-6666

Dated: June 27, 2005

                        **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara H. Margosian II, Esq., 415 Mt. Auburn Street, Watertown, MA 02472, by first-class U.S. mail this 27th day of June, 2005.

                        _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY FREITAS<br><br>Plaintiff<br><br>v.<br><br>RADIOSHACK CORPORATION,<br><br>Defendants. | Civil Action No.<br>_____<br><br>NOTICE TO COUNSEL OF REMOVAL<br>OF ACTION TO FEDERAL COURT |

05 11343 RWZ

To:   Ara H. Margosian II, Esq.
      415 Mt. Auburn Street
      Watertown, MA 02472

PLEASE TAKE NOTICE that Defendants in the above-captioned matter, have on the 27th day of June, 2005 filed in the United States District Court of the District of Massachusetts their Notice of Removal of the above-styled action from the Superior Court, Middlesex County, Cambridge, Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Middlesex County, Cambridge, Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Middlesex County, Cambridge, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446 and no further proceedings may be had in this state court action.

Respectfully submitted,

RADIOSHACK CORPORATION

By its attorneys,

_____
Diane Saunders (BBO# 562872)
Jeffrey S. Siegel (BBO# 647148)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

Dated: June 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara H. Margosian II, Esq., 415 Mt. Auburn Street, Watertown, MA 02472, by first-class U.S. mail this 27th day of June, 2005.

_____