**MORGAN, BROWN & JOY LLP**
ATTORNEYS AT LAW
200 STATE STREET
BOSTON, MASSACHUSETTS 02109-2605
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

July 7, 2005

United States District Court
Office of the Clerk
United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

**Re:    Anthony Freitas v. RadioShack Corporation**
**Civil Action No.**

Dear Sir or Madam:

Enclosed please find a complete certified copy of all records and docket entries in the above-captioned state court action, in accordance with Federal court Local Rule 81.1.

Thank you for your assistance with this matter. Please call me should you have any questions or concerns.

Very truly yours,

Jeffrey L. Siegel

Jeffrey S. Siegel

JSS/kmc
Enclosures

cc:    Ara H. Margosian II (Counsel for Plaintiff)

LIBB/1220494.1

Anthont Freitas

vs.

Radioshack Corp.

Removal To US District Court

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01838

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 31st of May, in the year of our Lord, Two Thousand Five

> In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 27th of June, in the year of our Lord, Two Thousand Five

Deputy Assistant Clerk



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
.I: CLERK'S OFFICE

2005 JUN 27 P 2: 14

| | |
|---|---|
| ANTHONY FREITAS<br><br>Plaintiff<br><br><br>v.<br><br>RADIOSHACK CORPORATION,<br><br>Defendants. | Civil Action No.<br><br>**05   11343 RWZ**<br><br>I hereby certify on _____ that the foregoing document is a true and correct copy of the<br>☐ electronic docket in the captioned case<br>☐ electronically filed original filed on<br>☒ original filed in my office on _____<br>Sarah A. Thornton<br>Clerk, U.S. District Court<br>District of Massachusetts<br>By: _____<br>Deputy Clerk |

**NOTICE OF REMOVAL**

  Defendant RadioShack Corporation ("RadioShack") hereby gives notice of the removal

of the case described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. In support of

this removal petition RadioShack states the following:

## I. INTRODUCTION

  This case arises from the termination of Plaintiff's employment by RadioShack on or

about July 29, 2003.

  On or about June 3, 2005, Plaintiff filed a complaint alleging discrimination on the basis

of disability/handicap in violation of M.G.L. c. 151B, § 4(16) and wrongful discharge in the

Superior Court Department of the Trial Court for the Commonwealth of Massachusetts,

Middlesex County, Case Number 05-1838. On June 7, 2005, RadioShack was served with a

Summons and Complaint, copies of which are attached hereto as Exhibit A. RadioShack is

required to file a pleading in response to the Complaint on or before June 27, 2005.

  As RadioShack more fully states below, removal of this matter is proper under 28 U.S.C.

§ 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiff is a citizen of the Commonwealth of Massachusetts who resides in Waltham, Massachusetts.

RadioShack is a Delaware corporation, with its principal place of business in Fort Worth, Texas. Defendant, therefore, is a citizen of the State of Texas.

Plaintiff is claiming damages including lost wages, attorneys' fees, costs and expenses, economic injury and other harm. Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

Because Plaintiff is a citizen of Massachusetts and Defendant is a citizen of Texas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

## III. OTHER REMOVAL MATTERS

RadioShack reserves the right to amend or supplement this Notice of Removal.

There have been no pleadings served upon RadioShack other than the Summons and Complaint.

This Notice of Removal is filed within 30 days of service upon RadioShack of the Summons and Complaint in compliance with 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(d), RadioShack shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the Superior Court Department of the Trial Court for the Commonwealth of

2

Massachusetts, Middlesex County, Massachusetts, attaching a file stamped copy of this Notice of Removal.

Pursuant to 28 U.S.C. §§ 1332 and 1446 this action is removable to the United States District Court for the District of Massachusetts.

WHEREFORE, RadioShack gives notice that *Anthony Freitas v. RadioShack Corporation,* Superior Court Department of the Trial Court Civil Action Number 05-1838 is removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

RADIOSHACK CORPORATION

By its attorneys,

Diane Saunders (BBO# 562872)
Jeffrey S. Siegel (BBO# 647148)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

Dated: 6/27/05

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara H. Margosian II, Esq., 415 Mt. Auburn Street, Watertown, MA 02472, by first-class U.S. mail this 27th day of June 2005.

3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1838

..... MIDDLESEX ....., ss
[seal]

..... Anthony Freitas ....., Plaintiff(s)

v.

..... Radioshack Corporation, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Ara H. Margosian II, P.C. ..........
..... plaintiff's attorney, whose address is 415 Mt. Auburn
St., Watertown, MA 02472 ....., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. Middlesex ..........
Street, Cambridge, MA 02141
Superior Court, 40 Thorndike ..... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.
**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ....................................................................

the ..... 3rd ..... day of ..... June ..................................................

..... in the year of our Lord ..... 2005 ..... .

A true copy, Attest:

Deputy Sheriff, Suffolk County

Edward J Sullivan

**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Middlesex | Docket Number |
| --- | --- | --- |

| PLAINTIFF(S) | DEFENDANT(S) |
| --- | --- |
| Anthony Freitas | Radioshack Corporation |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Ara H., Margosian II, Law Offices of Ara H. Margosian,
415 Mount Auburn St., Watertown, MA 02472 (617) 926-8944
Board of Bar Overseers number: 560556

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
[xx] 1. F01 Original Complaint
[  ] 2. F02 Removal to Sup.Ct. c. 231, s.104
      (Before trial)            (F)
[  ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[  ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[  ] 5. F05 Reactivated after rescript; relief from judgment/
      Order (Mass.R.Civ.P. 60)                        (X)
[  ] 6. E10 Summary Process Appeal                     (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
| --- | --- | --- | --- |
| B22 | Employment Discrimination | (F) | (XX) Yes    (  ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1. Total hospital expenses ............................................. $..........
    2. Total Doctor expenses .............................................. $..........
    3. Total chiropractic expenses ........................................ $..........
    4. Total physical therapy expenses .................................... $..........
    5. Total other expenses (describe) .................................... $..........
                                                            Subtotal   $..........
B.  Documented lost wages and compensation to date ........................ $.7,000.0
C.  Documented property damages to date .................................. $..........
D.  Reasonably anticipated future medical and hospital expenses ........... $..........
E.  Reasonably anticipated lost wages .................................... $..........
F.  Other documented items of damages (describe)

                                                                          $..........
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    The Plaintiff was discriminated against and wrongfully terminated
    by the Defendant due to his handicap.
                                                                          $75,000.0
                                                           TOTAL: $79,000.0

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                            TOTAL   $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court
Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information
about court-connected dispute resolution services and discuss with them the advantages and
disadvantages of the various methods."
Signature of Attorney of Record _____          DATE: 5/24/05

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
NO. _____

05-1838

)
ANTHONY FREITAS          )
    Plaintiff             )
)
v.                       )
)          **COMPLAINT**
RADIOSHACK CORPORATION,  )
    Defendant            )
_____ )

*F I L E D*
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX
MAY 3 1 2005
*Edward J. Sullivan*
CLERK

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL TRIABLE ISSUES**

### PARTIES

1.    The Plaintiff, Anthony Freitas (hereinafter "Plaintiff"), a natural person,

resides at 37 Melvern Street, Waltham, Massachusetts, Middlesex County,

Commonwealth of Massachusetts.

2.    The Defendant, Radioshack Corporation (hereinafter "Defendant"), a

Delaware Corporation with a principal place of business at 100 Throckmorton

Street, #1800, Fort Worth, Texas and its registered agent is Corporation

| | |
|---|---|
| 7541E000005/31/05SUR CHARGE | 240.00 |
| 7541E000005/31/05SUR CHARGE | 15.00 |
| 7541E000005/31/05SUMMONS | 5.00 |
| 7541E000005/31/05SECC | 20.00 |

Service Company of 84 State Street, Boston, Suffolk County, Commonwealth

of Massachusetts.

### FACTS

3.    On or about January 17, 2003, the Plaintiff began his employment as a sales

associate for the Defendant.

4.    The Plaintiff was employed as a sales associate at the Waltham branch located

at 852 Lexington Street, Waltham, Middlesex County, Massachusetts.

5.    He was employed as a full-time employee and was working at least forty (40) hours a week, with a five (5) day work week.

6.    The Plaintiff's initial interview was conducted at the RadioShack location in Harvard Square, Cambridge, Massachusetts.

7.    The Plaintiff was immediately offered a position with the Defendant.

8.    The Plaintiff was required to complete further paperwork at Defendant's regional office located on Commonwealth Avenue, Boston, Massachusetts, upon being hired.

9.    At the Defendant's regional office, the Plaintiff had to complete a job form where he disclosed that he suffered from Type 1 diabetes.

10.   The Plaintiff has suffered with Type 1 diabetes since 1998.

11.   The Plaintiff was promoted to the position of Assistant Manager, after a few months on the job, and was given an American Express gift certificate to reward his hard work and high sales.

12.   Due to his hard work, the Plaintiff was given a .5% raise to his commission percentage.

13.   The Defendant's local Waltham branch had only two employees working there, during the months of March and April, 2003.

14.   The Plaintiff often worked fifty (50) hours a week, due to his indispensability.

15.   The Plaintiff was asked by a supervisor at the Defendant's Waltham branch to work off-the-clock for any time exceeding forty (40) hours so that he would not qualify for overtime, although he was paid by the hour.

16.   The Plaintiff adhered to that request.

17. The Plaintiff remained in good health for the first six (6) months of his employment with the Defendant.

18. Due to his Type 1 diabetes, the Plaintiff was required to use insulin two (2) to three (3) times per day on the job.

19. The Plaintiff never needed any additional time or other accommodations to tend to his disability, during the first six (6) months of his employment.

20. During that first six (6) months, the Plaintiff requested and took one (1) day off to attend his brother's wedding on or about April 26, 2003.

21. The Plaintiff had advised a representative of the Defendant Corporation of that wedding, prior to accepting employment there.

22. The Plaintiff made four (4) requests to not be put on the schedule for certain dates and times so that he could attend his routine doctor's appointments, during the first six (6) months of his employment.

23. Throughout the Plaintiff's employment, he received two minor "write-ups', one (1) for missing a Saturday meeting, and one (1) for arriving to work fifteen (15) minutes late.

24. The Plaintiff became ill in July, 2003 with Ketoacidosis, an illness experienced by many Type 1 diabetics.

25. Symptoms of Ketoacidosis include abnormal or excessive thirst, nocturia, and polyuria, as well as possible malaise, nausea, fatigue and confusion.

26. In the six years that the Plaintiff suffered from Type 1 diabetes, he was afflicted with Ketoacidosis approximately five (5) times.

27. The Plaintiff becomes sick to his stomach, cannot walk, has difficulty breathing, shakes and often vomits, due to Ketoacidosis.

28. In July, 2003, the Defendant's Waltham branch was employing three (3) associates and one (1) manager, including the Plaintiff.

29. The Plaintiff requested, on more than one occasion, permission to leave work early due to the fact that he was not feeling well, those requests were denied by his supervisor.

30. The Plaintiff's condition worsened, he was unable to work on one particular day.

31. The Plaintiff complied with the Defendant's guidelines and informed his manager that he would be unable to work, at least one (1) hour before his shift was scheduled to commence.

32. During the month of July, 2003, it was necessary for the Plaintiff to cancel his shift six (6) times due to his aggravated medical conditions.

33. The Plaintiff was unable to work due to his condition, on or about July 27, 2003.

34. The Plaintiff arrived at the Defendant's Waltham branch the following day, his manager, Dave Nolan (hereinafter referred to as "Mr. Nolan"), sent the Plaintiff on an errand to another store and then asked to meet with him.

35. Mr. Nolan explained that he had spoken to the district manager of the Defendant Corporation about the Plaintiff's absences due to his illness.

36. Mr. Nolan stated that he understood that the Plaintiff was sick and that he had diabetes.

37.  Mr. Nolan then told the Plaintiff that he was removing him from the daily
     work schedule.

38.  The Plaintiff inquired how long he would be removed from the schedule.

39.  Mr. Nolan then stated that the Plaintiff would be removed permanently from
     the daily work schedule.

40.  The Plaintiff then asked if it would be helpful if he brought in doctor's notes
     to show that he was indeed ill.

41.  Mr. Nolan informed the Plaintiff that that would not help.

42.  The Plaintiff then inquired if it would be helpful if he called the District
     Manager directly.

43.  Mr. Nolan responded that it would not help and that they could not have him
     working there.

44.  The Plaintiff believed that he was being removed from the schedule
     temporarily, however, Mr. Nolan informed the Plaintiff that he did not want
     the Plaintiff to work there any longer and his employment was terminated on
     July 29, 2003.

## COUNT I
## DISCRIMINATION ON THE BASIS OF DISABILITY/HANDICAP IN
## VIOLATION OF M.G.L. CH. 151B § 4(16)

45.  The Plaintiff repeats and incorporates by reference all information set forth in
     Paragraphs 1-44 above as if set forth in their entirety.

46.  The Defendant discriminated against the Plaintiff on the basis of the
     Plaintiff's disability.

47.    The Plaintiff suffers from Type I Diabetes, and has suffered from this
       disability since 1998.

48.    The Plaintiff is handicapped within the meaning of M.G.L. Ch. 151B § 1.

49.    The Plaintiff is a handicapped person "who is capable of performing the
       essential functions" of his/her job, or who would be capable of performing
       them with or without reasonable accommodation to his handicap.

50.    The Plaintiff is a qualified handicapped person within the meaning of
       M.G.L. Ch.151B §1(16).

51.    The Plaintiff was terminated by the Defendant Corporation on or about July
       29, 2003.

52.    The position that the Plaintiff had filled remained open.

53.    The Plaintiff made the Defendant Corporation aware of the disability prior to
       beginning his employment.

54.    The Plaintiff made every attempt to follow the Defendant's procedure as it
       related to providing notice for missed work due to his handicap.

55.    Mr. Nolan, an employee of the Defendant Corporation, informed the Plaintiff
       that the Defendant could not continue to employ him because of his illness
       which is a handicap pursuant to M.G.L. Ch. 151B§1.

56.    As the direct and proximate result thereof, the Plaintiff has incurred lost
       wages, attorney's fees, costs and expenses, economic injury and other harm.

## COUNT II
## WRONGFUL TERMINATION

57.    The Plaintiff repeats and incorporates by reference all information set forth in

Paragraphs 1-56 above as if alleged herein their entirety.

58.    The Defendant terminated the Plaintiff's employment on July 29, 2003.

59.    The Defendant Corporation was aware of his disability when the Plaintiff was

hired.

60.    When the Plaintiff became ill, he requested that he be permitted to leave early

on occasion and those requests were denied.

61.    The Plaintiff's disability did not affect his work performance and when he was

able to work, his work was exemplary.

62.    The Plaintiff was released because of his disability and for no other reason.

63.    The Defendant's actions and inactions are the direct and proximate cause of

the Plaintiff's injuries and damages.

As the direct and proximate result thereof, the Plaintiff has incurred lost wages,

attorney's fees, costs and expenses, economic injury and other harm.

**Wherefore,** the Plaintiff requests that this Honorable Court:

a)    Grant a judgment for the Plaintiff against the Defendant on all counts;
b)    Award the Plaintiff damages;
c)    Award the Plaintiff fees, costs and legal expenses; and
d)    Any other award that this Court deems just and proper.

Respectfully Submitted,
PLAINTIFF,
Anthony Freitas,
By his Attorney,

Ara H. Margosian II
BBO # 560556
The Law Office of Ara H. Margosian II, PC
415 Mt. Auburn Street
Watertown, MA 02472
(617) 926-8944

May 24, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY FREITAS | Civil Action No. |
| Plaintiff | _____ |
| | NOTICE TO COUNSEL OF REMOVAL |
| | OF ACTION TO FEDERAL COURT |
| v. | |
| RADIOSHACK CORPORATION, | |
| Defendants. | |

To:    Ara H. Margosian II, Esq.
       415 Mt. Auburn Street
       Watertown, MA 02472

PLEASE TAKE NOTICE that Defendants in the above-captioned matter, have on the 27th day of June, 2005 filed in the United States District Court of the District of Massachusetts their Notice of Removal of the above-styled action from the Superior Court, Middlesex County, Cambridge, Massachusetts (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the Complaint filed by the Plaintiff in the Superior Court, Middlesex County, Cambridge, Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of Removal to Federal Court with the Clerk, Superior Court, Middlesex County, Cambridge, Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT



COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                SUPERIOR COURT DEPARTMENT
                                              OF THE TRIAL COURT

ANTHONY FREITAS
          Plaintiff,

v.                                            Civil Action No. 05-1838

RADIOSHACK CORPORATION
          Defendant.

JUN 2 8 2005

## **NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION**

          PLEASE TAKE NOTICE that Defendants in the above-captioned matter, have on the

27th day of June 2005 filed in the United States District Court of the District of Massachusetts

their Notice of Removal of the above-styled action from the Superior Court, Middlesex County,

Cambridge, Massachusetts (a copy of said Notice is attached hereto) to the United States District

Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the

Complaint filed by the Plaintiff in the Superior Court, Middlesex County, Cambridge,

Massachusetts.

          You are also advised that said Defendants, upon filing said Notice, filed a Notice of

Removal to Federal Court with the Clerk, Superior Court, Middlesex County, Cambridge,

Massachusetts, and attached thereto copies of the following: (1) Notice of Removal with exhibits

attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

          Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.

MAS-20041213                    **Commonwealth of Massachusetts**                    06/28/2005
coleman                          **MIDDLESEX SUPERIOR COURT**                          02:16 PM
                                       **Case Summary**
                                        **Civil Docket**

# MICV2005-01838
## Freitas v Radioshack Corporation

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 05/31/2005 | **Status** | Needs review for service (acneserv) | | | |
| **Status Date** | 05/31/2005 | **Session** | E - Cv E (7B Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 08/29/2005 | **Answer** | 10/28/2005 | **Rule12/19/20** | 10/28/2005 |
| **Rule 15** | 10/28/2005 | **Discovery** | 03/27/2006 | **Rule 56** | 04/26/2006 |
| **Final PTC** | 05/26/2006 | **Disposition** | 07/25/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Anthony Freitas
37 Melvern Street
Active 05/31/2005

**Private Counsel 560556**
Ara H Margosian II
Margosian Law Offices (Ara H)
415 Mount Auburn Street
Watertown, MA 02472
Phone: 617-926-8944
Fax: 617-926-8942
Active 05/31/2005 Notify

**Defendant**
Radioshack Corporation
100 Throckmorton Street #1800
Served: 06/07/2005
Served (answr pending) 06/07/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/31/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/31/2005 | | Origin 1, Type B22, Track F. |
| 06/15/2005 | 2.0 | SERVICE RETURNED: Radioshack Corporation(Defendant), 6/7/05, in hand |
| | | to J. Boulanger, agent, 84 State St, Boston, MA |

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —**
**TORT — MOTOR VEHICLE TORT — CONTRACT —**
**EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

2

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 05-1838

*E*

.......... MIDDLESEX .......... , ss
[seal]

Anthony Freitas .......... , Plaintiff(s)

v.

Radioshack Corporation, Defendant(s)

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Ara H. Margosian II, P.C. ..........
.......... plaintiff's attorney, whose address is .......... 415 Mt. Auburn
St., Watertown, MA 02472 .........., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..Middlesex..........
Superior Court, 40 Thorndike .......... Street, Cambridge, MA 02141
either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at ..........

the .......... 3rd .......... day of .......... June ..........

.......... in the year of our Lord .......... 2005 .......... .

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 15 2005

Edward J Sullivan
Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: Middlesex | Docket Number 05-1838 |
|---|---|---|

| PLAINTIFF(S)<br>Anthony Freitas | DEFENDANT(S)<br>Radioshack Corporation |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Ara H., Margosian II, Law Offices of Ara H. Margosian,<br>415 Mount Auburn St., Watertown, MA 02472 (617) 926-8944<br>Board of Bar Overseers number: 560556 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
[xx] 1. F01 Original Complaint
[  ] 2. F02 Removal to Sup.Ct. c. 231, s.104
    (Before trial)        (F)
[  ] 3.  F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[  ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[  ] 5. F05 Reactivated after rescript;relief from judgment/
    Order (Mass.R.Civ.P. 60)           (X)
[  ] 6.  E10 Summary Process Appeal         (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | (xx) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
**(Attach additional sheets as necessary)**

A. Documented medical expenses to date:
   1.  Total hospital expenses ............................................ $.............
   2.  Total Doctor expenses ............................................ $.............
   3.  Total chiropractic expenses ...................................... $.............
   4.  Total physical therapy expenses ................................. $.............
   5.  Total other expenses (describe) .................................. $.............
                                               Subtotal  $.............

*FILED*
*IN THE OFFICE OF THE*
*CLERK OF THE COURTS*
*FOR THE COUNTY OF MIDDLESEX*
*MAY 3 1 2005*
*Edward J. Sullivan*
*CLERK*

B.  Documented lost wages and compensation to date .............. $.7,000.00
C.  Documented property damages to date .......................... $.............
D.  Reasonably anticipated future medical and hospital expenses ... $.............
E.  Reasonably anticipated lost wages ............................. $.............
F.  Other documented items of damages (describe)
                                                    $.............

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

    The Plaintiff was discriminated against and wrongfully terminated
    by the Defendant due to his handicap.                 $75,000.00
                                           TOTAL.$79,000.00

**CONTRACT CLAIMS**
**(Attach additional sheets as necessary)**
Provide a detailed description of claim(s):

                                                TOTAL  $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____    DATE: 5/24/05

A.O.S.C. 2003

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2005-01838-E**

RE:   **Freitas v Radioshack Corporation**

TO:Ara H Margosian II, Esquire
      Margosian Law Offices (Ara H)
      415 Mount Auburn Street
      Watertown, MA 02472

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                      DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 08/29/2005 |
| Response to the complaint filed (also see MRCP 12) | 10/28/2005 |
| All motions under MRCP 12, 19, and 20 filed | 10/28/2005 |
| All motions under MRCP 15 filed | 10/28/2005 |
| All discovery requests and depositions completed | 03/27/2006 |
| All motions under MRCP 56 served and heard | 04/26/2006 |
| Final pre-trial conference held and firm trial date set | 05/26/2006 |
| Case disposed | 07/25/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session E sitting in **Rm 7B (Cambridge) at Middlesex Superior Court.**

Dated: 06/01/2005

Edward J. Sullivan
Clerk of the Courts
BY: Arthur B. Sutherland
Assistant Clerk

Location: Rm 7B (Cambridge)
Telephone: 617-494-4010 EXT 4254