## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ANTHONY FREITAS** | Civil Action No. 105-cv-11343-RWZ |
| **Plaintiff** | **ANSWER AND AFFIRMATIVE DEFENSES** |
| **v.** | |
| **RADIOSHACK CORPORATION,** | |
| **Defendants.** | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant RadioShack Corporation ("RadioShack") by and through his attorneys, hereby responds to each numbered paragraph of the Complaint as follows:

### PARTIES

1.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 1 of the Complaint.

2.      Defendant admits that it is a Delaware Corporation.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.  By way of further answer, Defendant states that its principal place of business is 300 RadioShack Circle, Fort Worth, TX 76102.

### FACTS

3.      Defendant admits the allegation set forth in Paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff was employed by RadioShack.  Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiff was hired to work a "full-time" schedule. Defendant denies the remaining allegations set forth in Paragraph 5 of the Complaint.

6.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiff was hired as a sales associate on or about January 17, 2003.  Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff, like all newly hired employees, is given various forms to complete in connection with being hired by RadioShack.  Defendant denies the remaining allegations set forth in Paragraph 8 of the Complaint.

9.      Defendant admits that Plaintiff completed a job form upon his hire at RadioShack. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits that Plaintiff received a 0.5% increase to his commission rate when he became an Assistant Manager in Training, in accordance with the standard RadioShack pay plan for that position.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 17 of the Complaint.

18.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 18 of the Complaint.

19.    Defendant admits that Plaintiff did not need an accommodation to tend to his alleged disability.  Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    Defendant admits that Plaintiff did not work at RadioShack on April 26, 2003. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.    Defendant admits that Plaintiff did not work at RadioShack on April 26, 2003. Defendant is without information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant admits that Plaintiff was disciplined on more than one occasion during his employment at RadioShack, including one disciplinary action for missing a Saturday meeting.  Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 24 of the Complaint.

25.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 25 of the Complaint.

26.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 26 of the Complaint.

27.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the matter asserted in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits that Plaintiff requested permission to leave work early on various days during his employment.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     The allegations contained in Paragraph 30 are so vague that Defendant cannot answer them.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff did not work all of his scheduled shifts during the month of July, 2003.  Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that Plaintiff was informed that he would be removed from the schedule.  Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    Defendant admits that Plaintiff's employment was terminated on or about July 29,

2003.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

**COUNT I**
**DISCRIMINATION ON THE BASIS OF DISABILITY/HANDICAP**
**IN VIOLATION OF M.G.L. CH. 151B, § 4(16)**

45.    Defendant repeats and incorporates by reference its responses set forth in

Paragraphs 1-44 of the Answer.

46.    Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant is without information or knowledge sufficient to form a belief as to

the truth of the matter asserted in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant admits the allegation contained in Paragraph 51 of the Complaint.

52.    Defendant admits the allegation contained in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## COUNT II
## WRONGFUL TERMINATION

57.    Defendant repeats and incorporates by reference its responses set forth in

Paragraphs 1-56 of the Answer.

58.    Defendant admits the allegation contained in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claims upon which relief may be granted.

### Second Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel

and unclean hands.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part because any actions Defendant may have

taken towards Plaintiff, and Defendant denies that it took any such actions, were based on

legitimate, nondiscriminatory business reasons.

**Fourth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Defendant's actions towards Plaintiff, if any, were at all times in good faith and in conformity with all applicable statutes, rules, and regulations.

**Fifth Affirmative Defense**

Plaintiff's claims must fail because Plaintiff was terminated for legitimate, non-discriminatory business reasons.

**Sixth Affirmative Defense**

Plaintiff's claims to relief and/or damages are or may be affected by the after-acquired evidence rule.

**Seventh Affirmative Defense**

Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate damages, if any.

**Eighth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff failed to allege facts which would entitle him to punitive damages.

**Ninth Affirmative Defense**

Any entitlement to Plaintiff to punitive damages for the alleged discriminatory employment decisions of Defendant is contrary to Defendant's good faith efforts to comply with all equal employment opportunity laws.

**Tenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff is not a qualified handicapped individual with a disability and/or Plaintiff could not perform the essential functions

of his position.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because the accommodation(s) Plaintiff requested, which Defendant denies, was unreasonable and/or would have imposed an undue hardship on Defendant.

## Twelfth Affirmative Defense

Defendant reserves the right to amend this answer to add such affirmative defenses as warranted by additional investigation and discovery into this case.

**WHEREFORE**, the Defendant respectfully requests judgment in its favor dismissing the complaint with prejudice, denying all relief requested therein, and awarding Defendants costs and disbursements in this action together with such other and further relief as the Court deems just and proper.

Respectfully submitted,
RADIOSHACK CORPORATION
By its attorneys,


_____s/ Jeffrey S. Siegel_____
Diane Saunders (BBO# 562872)
Jeffrey S. Siegel (BBO# 647148)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA  02109-2605
(617) 523-6666


Dated:  July 15, 2005